UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| STACI EDDINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:15-CV-94 |
| | ) |
| FIRST FEDERAL SAVINGS BANK, | ) |
| | ) |
| Defendant. | ) |

COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Staci Eddington ("Eddington"), by counsel, against Defendant, First Federal Savings Bank, ("Defendant"), for violating the American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et. seq.* and the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 *et seq.*

### II. PARTIES

2. Eddington, at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

1

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. § 12117; and 29 U.S.C. §2617(a)(2).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A) and 29 U.S.C. §2611(4).

6. At all times relevant to this action, Eddington was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7. Plaintiff, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8. Eddington has a "disability" as that term is defined by 42 U.S.C. § 12102(2).

9. Eddington is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8).

10. Eddington exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

11. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

12. Eddington was hired by the Defendant on or about May 20, 2013, and worked most recently as a Corporate Manager Assistant Vice President (AVP). At all times relevant, Eddington met or exceeded Defendant's legitimate performance expectations.

13. Eddington suffers from fibromyalgia, which limits one or more of Eddington's major life activities. Eddington could perform the essential functions of her position with or without an accommodation.

14. Eddington notified Defendant, through Cathy Wilson, of her disability and made a request for FMLA leave on or about July 9, 2014.

15. Shortly after Eddington notified Defendant of her disability and need to take FMLA, she was subjected to an unwarranted write-up on or about August 18, 2014 for alleged performance deficiencies. Defendant followed this with another unwarranted performance report on August 19, 2014. Similarly situated employees who are not disabled have not been disciplined for similar offenses.

16. On or about August 22, 2014, Eddington was terminated. Defendant's reason for termination was pretext for discrimination based on Eddington's disability.

17. Defendant terminated Eddington for her intent to utilize leave under the FMLA in violation of the Family and Medical Leave Act.

V. LEGAL ALLEGATIONS

COUNT I-DISABILITY DISCRIMINATION

18. Paragraphs one (1) through seventeen (17) of Eddington's Complaint are hereby incorporated.

19. Defendant violated Eddington's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. by subjecting her to disparate treatment because of her actual or perceived disability.

20. Defendant's actions were intentional, willful and in reckless disregard of Eddington's rights as protected by the ADA.

21. Eddington suffered damages as a result of Defendant's unlawful actions.

### COUNT II: VIOLATION OF THE FMLA – RETALIATION

22. Paragraphs one (1) through twenty-one (21) of Eddington's Complaint are hereby incorporated.

23. Defendant unlawfully retaliated against Eddington for her intent to exercise her rights under the FMLA.

24. Defendant's actions were intentional, willful, and in reckless disregard of Eddington's rights as protected by the FMLA.

25. Eddington suffered damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Staci Eddington, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

    1.      Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

    2.      Pay Plaintiff's lost wages and benefits;

    3.      Pay to Plaintiff compensatory damages, including, lost future earning capacity under the ADA;

    4.      Pay to Plaintiff punitive damages for Defendant's violations of the ADA;

    5.      Pay to Plaintiff liquidated damages for Defendant's violation of the FMLA;

    6.      Pay to Plaintiff pre- and post-judgment interest;

    7.      Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

    8.      Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: lberger@bdlegal.com

*Attorney for Plaintiff, Staci Eddington*

## DEMAND FOR JURY TRIAL

The Plaintiff, Staci Eddington, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: lberger@bdlegal.com

*Attorney for Plaintiff, Staci Eddington*